IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOBIAS JONES )<br>)<br>   5225 Connecticut NW #411 )<br>   Washington, DC 20008 )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE of the )<br>U.S. Department of Homeland Security, )<br>OFFICER JAMES FISHER, SERGEANT )<br>HOLLAND, all individuals being sued in their )<br>individual and official capacity )<br>)<br>   950 H St NW #7800 )<br>   Washington, DC 20223 )<br>)<br>     Defendants. ) | CIVIL ACTION NO. <u>22-962</u><br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff Tobias Jones, files this Complaint against the United States Secret Service and two of its officers for violations of Plaintiff's First and Fourth Amendment rights. Specifically, Plaintiff's First Amendment right to record officer's public performance of their duties to provide commentary to the public on their performance and his Fourth Amendment right against excessive force, search and seizure by officers without probable cause of any crime.

This is a civil rights case by a citizen journalist who was documenting his time in the District of Columbia and the activities of police and other government personnel he interacted with. He regularly uploads such videos with his own additional commentary and shares them with the public.

Plaintiff seeks monetary damages, declaratory relief, and injunctive relief, including training for such officers to ensure this doesn't happen again. As the basis for his Complaint, Plaintiff allege as follows:

I. **THE PARTIES**

1. Plaintiff, Tobias Jones is a resident of Washington, DC.

2. United States Secret Service is an agency of the U.S. Government on whose behalf the officers were acting at the time of the incident.

3. Officer James Fisher is an officer in the special services division of the United States Secret Service.

4. Sergeant Holland is an officer in the uniformed division of the United States Secret Service.

II. **JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. § 1331 as this case arises under the constitution and federal law.

6. Venue is proper in this Court under 28 U.S.C. § 1391(e) because the events giving rise to the claim occurred within the Court's judicial district.

III. **FACTUAL BACKGROUND**

A. **Excessive Force by Officer James Fisher in Violation of the Fourth Amendment**

7. On April 9, 2019, Plaintiff was videotaping his adventures around Washington, D.C. with intent to add commentary and distribute it to the public as a citizen journalist. Plaintiff had previously noticed a strange looking building with strange billiards in front of it and a large open hangar door which he wanted to record while he found out more about what occurred there.

8. Throughout this incident Plaintiff was on the public sidewalk a traditional public forum. Various other people walked by during the incident. Plaintiff was not blocking entrance or exit of the building by people or vehicles.

9. Officer James Fisher appeared to man a guard post just inside the large open hangar door.

10. Plaintiff was approached by Officer James Fisher.

11. Officer Fisher asked Plaintiff what he was taking pictures of.

12. Plaintiff informed the officer he was taking pictures of the building.

13. Officer Fisher instructed the Plaintiff that he could not point his camera towards the large open hangar door.

14. Plaintiff asks Officer Fisher if there is a law preventing him from doing so.

15. Officer Fisher responds that, "I'm letting you know that you cannot take a picture inside of here."

16. Plaintiff again asks if it is illegal.

17. Officer Fisher responds "I'm letting you know, I just explained it to you. You take it however you want, I just explained it to you. And I'm not going to keep doing this." He continues to refuse to claim that it is illegal, but continues to state that Plaintiff must stop.

18. When Plaintiff continues to record from the public sidewalk and Officer Fishers leaves for about 30 seconds before returning.

19. Officer Fisher suddenly grabs the camera and attempts to physically force it to point in a different direction.

20. Plaintiff did not physically resist the officer, but after forcing the camera to point another direction, Officer Fisher stops.

21. This physical contact by Officer Fisher was excessive force against the Plaintiff who was not violating the law and for which there was no cause to physically move him.

22. Officer Fisher says, "I'm going to ask you again."

23. Plaintiff tells Officer Fisher not to touch his camera.

24. In response to Plaintiff saying "You touched my camera," Officer Fisher tells Plaintiff, "Don't point your camera inside this building."

25. Plaintiff accuses Officer Fisher of grabbing his camera to which Officer Fisher responds "I didn't grab anything… I pulled it. Don't point your camera inside this building."

26. Plaintiff continues to insist that Officer Fisher grabbed his camera to which Officer Fisher responds "If I had grabbed your camera, I would have your camera. I repositioned your camera."

**B. Unlawful Detention, Arrest, and Search by Sergeant Holland Due to Plaintiff Filming on a Public Sidewalk**

27. Just less than 10 minutes after the first incident, Plaintiff continues to be filming when Sergeant Holland approaches Plaintiff.

28. Plaintiff believes that Sergeant Holland was likely contacted by Officer Fisher and asked to remove Plaintiff.

29. Upon approaching Plaintiff, Sergeant Holland asks if Plaintiff has identification documents.

30. Plaintiff is confused and ask to why he would need identification documents given he is only filming on the public sidewalk.

31. Sergeant Holland demands Plaintiff's identification documents "because you are filming government property right now."

32. Plaintiff, knowing that neither federal nor D.C. law requires the production of identification documents in such a circumstance, refused to provide it.

33. Sergeant Holland then told Plaintiff that he "needs to proceed" "away from the building."

34. Plaintiff reminded Sergeant Holland that this is a public sidewalk which he has a right to be on engaged in lawful activities.

35. Sergeant Holland then insists that Plaintiff cannot point his camera at the building.

36. Plaintiff asked if there is a law determining where he can point his camera from public.

37. Sergeant Holland insists there is such a law determining where people can point their camera.

38. When Plaintiff asks what law that would be, Sergeant Holland just responds "Yes. That is our property, we do not want you filming it. Do you understand?"

39. Sergeant Holland continues to insist that it is against the law because he says so and not due to any statute.

40. When Plaintiff says to Sergeant Holland, "You not wanting me to do something is different than it being illegal. So can you please cite the statute that says where I can and cannot point my camera?"

41. Sergeant Holland responds that, "There is no statute. But if you are going to do something we don't want you to do we are going to end up detaining you."

42. Plaintiff is now rather confused and asks the Sergeant "So, there is no statute, but you're going to detain me anyway?"

43. Sergeant Holland responds, "If you want to make this a lawful situation."

44. Sergeant Holland continues to insist that he will detain Plaintiff without any statutory authority if Plaintiff does not leave.

45. Sergeant Holland again demands to see Plaintiff's identification documents, which Plaintiff refuses to produce.

46. Sergeant Holland tells Plaintiff that he is being detained.

47. Sergeant Holland then beings searching through the pockets of Plaintiff.

48. Plaintiff tells Sergeant Holland that he does not consent to any search.

49. Sergeant Holland removes the cell phone and camera from Plaintiff.

50. Sergeant Holland grabs Plaintiff's arms, forces Plaintiff to the ground, and handcuffs Plaintiff behind the back before returning Plaintiff to a seated position.

51. Sergeant Holland searches Plaintiff's backpack including all of the pockets.

52. Sergeant Holland attempts to access Plaintiff's cell phone unsuccessfully.

53. After searching through the backpack, Sergeant Holland releases Plaintiff from the handcuffs.

54. After being released, Plaintiff demands to know why he was unlawfully detained or arrested.

55. Sergeant Holland says at first that it was "for my safety," then that it was for failing to produce identification.

56. Plaintiff reminds the Sergeant he is only required to produce his name if there is some other offense he is being cited for. Plaintiff is not required to produce identification documents.

57. Sergeant Holland then says that the reason for the arrest and search was "I did not know who you are. For my safety and your safety, I made sure you were not a threat to me. Do

you understand that?" Sergeant Holland continued that, "You had a backpack. There could be explosives in here, you are standing in front of a federal building."

58. Plaintiff asks if Sergeant Holland thinks he has "the right to detain anyone that walks in front of the building wearing a backpack?"

59. Sergeant Holland responds "No, you were standing here."

60. At this point another officer has come out and goes through all the things Plaintiff can and cannot do while recording, while making clear that Plaintiff is not violating any law or blocking people from entering or leaving. This other officer did nothing wrong and helped ensure that Plaintiff was allowed to continue filming from the public sidewalk without interfering with anyone else.

61. At one point, Plaintiff notes that what he was doing was not a crime and therefore not a reason to detain someone.

62. Sergeant Holland responded that, "What you are telling me, I could care less."

63. Sergeant Holland then told the other police officers that Plaintiff "just wants to play games. He wants to play games so you can do this all day."

64. Plaintiff clarified that he was free to go, to which Sergeant Holland said he was, and Plaintiff left.

65. During this incident Plaintiff was put in reasonable fear of what the Sergeant Holland would do due to his claiming to not care about needing to have any kind of statutory authority for his actions. Another officer on the scene mentioned that Plaintiff was visibly shaking due to this fear.

66. During this incident Plaintiff suffered bruising to his wrists from the handcuffs that Sergeant Holland put the Plaintiff in.

67. After this incident Plaintiff fears that Officer Fisher, Sergeant Holland and other officers of the United States Secret Service will continue to violate First and Fourth Amendment rights in future encounters.

68. After this incident Plaintiff received harassing and offensive comments online that contained private information which Officer James Fisher gained access to during his search. Plaintiff doesn't know if these comments were from Officer Fisher, someone Officer Fisher gave this information to, or some third party that acquired the information some unknown way. Plaintiff seeks to determine if such communication came from Officer Fisher or someone Officer gave the information, and if so such additional damages would be included in this action.

## IV.   CAUSES OF ACTION

### COUNT I
### Violation of Plaintiff's Fourth Amendment Rights by Officer James Fisher
### (Unreasonable Force)

69. Plaintiff incorporate all paragraphs above by reference as if fully set forth herein.

70. This action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, for non-monetary damages, under both 5 U.S.C. § 702 and 28 U.S.C. § 2201.

71. The Fourth Amendment of the United States Constitution prohibits unreasonable seizing of individuals which includes using excessive force.

72. The force used by Officer was objectively unreasonable given totality of the circumstances including the severity of the crime at issue (there was no crime) and whether the suspect poses an immediate threat to the safety of the officers or others (Plaintiff presented no threat to the safety of the officers or others).

73. Officer James Fisher knew that there was no statutory authority for the force he used as evidenced by his response when questioned about it by the Plaintiff. Thus, the force used by Officer James Fisher was in willful disregard for the rights of the Plaintiff.

74. Therefore, Plaintiff is entitled to damages in an amount to be proven at trial.

75. Plaintiff also seeks declaratory judgement that such actions were in violation of his Fourth Amendment rights.

## COUNT II
### Violation of Plaintiff's Fourth Amendment Rights By Sergeant Holland
### (Unreasonable Seizure)

76. Plaintiff incorporate all paragraphs above by reference as if fully set forth herein.

77. This action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, for non-monetary damages, under both 5 U.S.C. § 702 and 28 U.S.C. § 2201.

78. The Fourth Amendment of the United States Constitution prohibits unreasonable seizing of individuals without probable cause.

79. There was no probable cause that Plaintiff had committed any violation of law.

80. As stated by Sergeant Holland, he knew there was no violation of any statute by the Plaintiff and he choose to use force anyway. Thus, the force used by Sergeant Holland was in willful disregard for the rights of the Plaintiff.

81. Placing the Plaintiff in handcuffs constituted seizure of the Plaintiff by Sergeant Holland and this was done without probable cause of any crime in violation of the Fourth Amendment.

82. Therefore, Plaintiff is entitled to damages in an amount to be proven at trial.

83. Plaintiff also seeks declaratory judgement that such actions were in violation of his Fourth Amendment rights.

### COUNT III
### Violation of Plaintiff's Fourth Amendment Rights By Sergeant Holland
### (Unreasonable Search)

84. Plaintiff incorporate all paragraphs above by reference as if fully set forth herein.

85. This action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, for non-monetary damages, under both 5 U.S.C. § 702 and 28 U.S.C. § 2201.

86. The Fourth Amendment of the United States Constitution prohibits unreasonable searches of individuals.

87. Sergeant Holland had no basis to believe that Plaintiff was holding any contraband.

88. Sergeant Holland had no warrant to search the Plaintiff.

89. Sergeant Holland did not have probable cause to initiate a lawful arrest of the Plaintiff.

90. There was no valid exception to the general requirements of a warrant prior to Sergeant Holland's search of the Plaintiff's pockets and backpack.

91. Based on the statement by Sergeant Holland that he knew there was no violation of any statute by the Plaintiff, and other statements of Sergeant Holland, Sergeant Holland knew he did not have probable cause to initiate a lawful arrest or search of the Plaintiff. Thus, the search by Sergeant Holland of the Plaintiff was in willful and intentional disregard for the rights of the Plaintiff.

92. Therefore, Plaintiff is entitled to damages in an amount to be proven at trial.

93. Plaintiff also seeks declaratory judgement that such actions were in violation of his Fourth Amendment rights.

## COUNT IV
### Violation of Plaintiff's First Amendment Rights
### By Sergeant Holland and Officer James Fisher

94. Plaintiff incorporate all paragraphs above by reference as if fully set forth herein.

95. This action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, for non-monetary damages, under both 5 U.S.C. § 702 and 28 U.S.C. § 2201.

96. Regardless of the existence of an implied cause of action under *Bivens*, the federal courts have inherent authority to grant injunctive relief to direct compliance of the federal government and individual federal officials with the First Amendment.

97. The First Amendment of the United States Constitution protects the Plaintiff's right to record the actions of police officers in the public performance of their duties from a public forum such as a public sidewalk for the purpose of adding commentary to distribute to the public.

98. Sergeant Holland and Officer James Fisher interfered with Plaintiff's rights under the First Amendment of the United States Constitution.

99. Therefore, Plaintiff is entitled to damages in an amount to be proven at trial.

100. Plaintiff also seeks a declaration that his First Amendment rights were violated and an injunction against the United States Secret Service prohibiting such interference with his or other similar members of the public's First Amendment rights.

## COUNT V
### Failure to Train

101. Plaintiff incorporate all paragraphs above by reference as if fully set forth herein.

11

102. This action arises under 5 U.S.C. § 702.

103. Sergeant Holland and Officer James Fisher demonstrated clear lack of knowledge concerning the First and Fourth Amendment rights of the public.

104. It is Plaintiff's belief that this stems from a failure to properly train such officers in how to interact with members of the public who are recording video for First Amendment purposes.

105. Should officers such as these continue to remain untrained in how to interact with members of the public who are recording video for First Amendment purposes, officers such as these will continue to interfere with the rights of the public.

106. Plaintiff seeks an injunction ordering training of secret service officers such as Sergeant Holland and Officer James Fisher to properly instruct them in dealing with members of the public who are recording video so that such constitutional rights violations do not continue against Plaintiff or other members of the public.

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court award:

1. Declaratory Relief;

2. Injunctive Relief;

3. Compensatory Damages;

4. Punitive Damages;

5. An award of attorney fees and other costs in this action;

6. Enter such other further relief to which the Mr. Jones may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: April 8, 2022                                Respectfully submitted,

                                                    /s/ Charles Devin Watkins
                                                    Charles Devin Watkins (D.D.C. Bar# 155179)
                                                    1310 L Street NW, 7th Floor
                                                    Washington, DC 20005
                                                    Telephone: (503) 753-8104
                                                    E-mail: devin_97035@yahoo.com

                                                    *Counsel for Plaintiff*